

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Superseded By*
*art. 29d. V. C. S.*

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Mr. Hickerson:

Opinion No. O-2960

Re: Salary of the Commissioners
of Montgomery County as af-
fected by H. B. No. 379, 46th
Legislature, regular session.

We have your letter of January 11, 1941, re-
questing a specific opinion with respect to your inquiry
of January 2, 1941, which last letter is as follows:

"Please refer to H. B. 379 amending
H. B. 1002 Chapter 383 of the 45th Legis-
lature. This amendment was passed by the
46th Legislature and in incorporated in
Article 2350.

"Montgomery County in the 1940 Census
will have a population somewhere between
twenty-three or twenty-four thousand. The
1930 Census was 14,588.

"The language used in this Article,
'according to the last available federal
census as same now exists or may hereafter
exist.' Would the Commissioners of Mont-
gomery County be entitled to receive a
salary of $3,000.00."

It is the opinion of this department that H. B.
No. 379, passed by the 46th Legislature, regular session
(Special Laws Texas, Vol. 2, p. 576) does not authorize
the salary of Commissioners of Montgomery County in the
sum of $3000.00.

Obviously, that portion of H. B. No. 379, which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

provokes your inquiry, is that part of Section 4 reading as follows:

> "Provided, however, that in all counties having a population of not less than fourteen thousand, five hundred and fifty (14,550) nor more than fourteen thousand, eight hundred (14,800), according to the last available federal census, as same now exists or may hereafter exist, each precinct commissioner shall be entitled to receive in salary not in excess of Three Thousand Dollars ($3000.00) per annum."

There is some apparent confusion in this proviso, with respect to the reference to the "last available federal census." If the Act in this proviso had used the language, "according to the last available federal census as the same now exists," it doubtless would have embraced Montgomery County, for, as the last available federal census existed on the date of this enactment, that county did fall within the bracket 14,550-14,800 population. But such is not the language of the Act, for it contains the additional words "or may hereafter exist". So that, these words "may hereafter exist" are pertinent to the 1940 federal census when the same became available, and according to that census, Montgomery County does not fall within the above bracket with respect to which population the $3000.00 salary was prescribed.

We have construed this Act without any consideration of its constitutional validity.

APPROVED JAN 22, 1941

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant

